UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS RYAN HEMSHER,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:19-CV-04172-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, Nicholas Ryan Hemsher, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] The United States now moves to dismiss the petition without holding an evidentiary hearing. Docket 20. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Hemsher's motion be dismissed. Docket 22. Hemsher timely filed objections to the report and recommendation. Docket 23. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation is adopted in part as supplemented herein and dismisses Hemsher's petition.

---

[1] Within this opinion, the court cites to documents in Hemsher's civil habeas case by citing the court's docket number for that document. The court will cite to "Cr." when citing to documents filed in Hemsher's criminal case found at 4:16-CR-40070-KES.

## FACTUAL BACKGROUND

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 22 at 2-14. Thus, this court will only give a simple explanation and points to the magistrate judge's report and recommendation for the full background.

Hemsher was found guilty after a jury trial of possession of stolen firearms and being a felon in possession of firearms. *See* Cr. Docket 284. The district court sentenced him to 120 months in prison on each count with the sentences to run concurrent to each other. Cr. Docket 340. Hemsher appealed, and the Eighth Circuit Court of Appeals affirmed his conviction. Cr. Docket 397; *see also United States v. Hemsher*, 893 F. 3d 525, 536 (8th Cir. 2018). The Supreme Court denied Hemsher's petition for a writ of certiorari on November 5, 2018. *Hemsher v. United States*, 139 S. Ct. 470 (2018).

On September 30, 2019, Hemsher filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. Docket 1. Hemsher alleges his trial counsel was ineffective at sentencing for failing to object to a grouping error allegedly committed by the Presentence Report author and that was adopted by the district court. *Id.* at 6, 11-20. He argues his appellate counsel was ineffective for failing to raise relevant sentencing arguments on appeal. *Id.* at 6, 23-25. Hemsher now objects to portions of the Magistrate's Report and Recommendation. Docket 23.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

**I.    Hemsher's Miscellaneous Objections to Magistrate Judge Duffy's Report and Recommendation**

**A.    Lower Instead of Higher Offense Level**

Hemsher objects to that portion of the Report and Recommendation that states: "contrary to § 3D1.3, Mr. Hemsher appears to argue that the court should have adopted the *lower* instead of the *higher* total offense level." Docket 23 at 1 (quoting Docket 22 at 27 (footnote omitted)). Hemsher is correct. He did not argue the lower total offense level should be used to calculate his advisory guideline range, but instead conceded that count four, which provides the highest offense level including all enhancements, should be the starting point. Docket 1 at 17.  The objection is sustained.

**B.    Advisory Guideline Range**

Hemsher next objects to that portion of the Report and Recommendation that states: "Mr. Hemsher's ultimate conclusion is that, had the district court

3

calculated his USSG sentencing range correctly, his range would have been 90 to 120 months. [And,] if the bottom of his sentencing range had been 90 months, the court would have imposed that sentence instead of the 120-month sentence . . . ." Docket 23 at 2 (quoting Docket 22 at 24). Hemsher is correct. In his memorandum in support of his motion to vacate his sentence, he acknowledged that the advisory guideline range was 120-150 months in custody. Docket 1 at 17. The objection is sustained.

## II. Ineffective Assistance of Counsel Claims and Objections

In his § 2255 motion, Hemsher alleged that his trial counsel provided ineffective assistance of counsel in violation of his Sixth Amendment rights because his counsel failed to correct the record during the sentencing hearing regarding the maximum allowable sentence and inform the court that the statutory sentencing range was 0-120 months in custody because of the grouping rules. Docket 1 at 6, 22; Docket 23 at 4. He alleges his appellate counsel was also ineffective for failing to raise this issue on appeal. Docket 1 at 23-25.

### A. Legal Standard

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington.* See 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the

4

petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if

5

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### B.  Single Offense

Hemsher argues that the Report and Recommendation improperly frames his argument as a grouping error, when in fact, he is arguing that all the facts were not properly considered during sentencing. Docket 23 at 2. He argues that his two counts of conviction should have been considered as one offense for the purposes of sentencing. *Id.* at 3. And because the statutory maximum sentence that could be imposed on one count of conviction was 120 months, his statutory sentencing range was 0-120 months in custody because of the grouping rules. *Id.* at 4. He states that the court "mistook the Statutory Sentencing Range as being 120-150 months "because there are two counts.' " *Id.* (quoting Cr. Docket 355 at 21). Hemsher then argues that "[i]t appears that the court intended to impose a sentence that included a departure from what it perceived was the top of the range—120-150 months—because the court imposed a sentence 30 months below what it thought was the Maximum Allowable Sentence—based on the fact that there were 'two counts.' " *Id.* at 4-5. So if the top of the range was the statutory sentencing range of 120 months, Hemsher contends the court would have sentenced him 30 months lower than this range to 90 months in custody. *Id.*

Here, because there were two counts of conviction, the statutory maximum sentence that could be imposed on each count was 120 months in custody. Cr. Docket 355 at 21. The advisory guideline range was determined by

6

the court to be 120-150 months in custody. Because Hemsher was convicted of multiple counts, "the sentencing court [does] not merely reduce the sentence imposed from the guidelines range to the statutory maximum on the greatest count." *United States v. Diaz*, 296 F.3d 680, 684 (8th Cir. 2002).  Instead, the United States Sentencing Guidelines (U.S.S.G.) state that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d); *see also United States v. Sturgis*, 238 F.3d 956, 960 (8th Cir. 2001).

So here, the court could have sentenced Hemsher to 150 months in custody by sentencing him to 120 months in custody on count 3 and 30 months in custody on count 4, with the sentences running consecutively to each other. Because the advisory guideline range after grouping was 120-150 months in custody, that was Hemsher's advisory guideline range. It was not 0-120 months as he argues. Because the trial court did not make in an error in determining the advisory guideline range, neither Hemsher's trial attorney nor his appellate attorney were ineffective for failing to object during the sentencing hearing or for failing to raise this issue on appeal. Thus, Hemsher's objection on this issue is overruled.

### III. Evidentiary Hearing

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no

7

relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). But a petition may be denied without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Here, an evidentiary hearing is not required because Hemsher's allegations, even if true, would not entitle him to relief. Hemsher's arguments fail as a matter of law. The court did not improperly determine his advisory guideline range, the court considered all of the 18 U.S.C. § 3553(a) factors during sentencing, and Hemsher's counsel did not engage in effective assistance of counsel. Thus, Hemsher's request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

8

529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Hemsher has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

It is ORDERED:

1. Hemsher's objections to the report and recommendation (Docket 23) are sustained in part and overruled in part.

2. The report and recommendation (Docket 22) is adopted in part as supplemented herein.

3. Respondent's motion to dismiss (Docket 20) is granted.

4. Hemsher's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.

5. A certificate of appealability is denied.

Dated May 1, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE